UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYEES' SECURITIES COMPANY STANLEY HOWARD ENFRANCHISE INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL RESERVE BANK DISTRICT CITIES DISTRICT 3 AND 12; SUBSIDIARY NORTH NATOMAS FINANCIAL PUBLIC REVENUE CENTER AS FINANCIAL INSTITUTION BANK OF AMERICA, et al., <br><br> Defendants. | No. 2:19-cv-0241-MCE-KJN PS <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff Yolanda Lewis, an individual who is not a licensed attorney, commenced this action purportedly as an "attorney in fact" on behalf of plaintiff Employees' Securities Company Stanley Howard Enfranchise Inc. (ECF No. 1.) She styles her complaint as asserting claims "in law and equity prescribed by the Lord," and the complaint contains vague and bizarre allegations that defendants (largely Bank of America) engaged in a criminal Ponzi scheme and subjected plaintiff to debt peonage, sex trafficking, identity theft, and theft of intellectual property.

As an initial matter, Ms. Lewis, who is not an attorney, cannot bring this action in federal court on behalf of a corporate entity. See Rowland v. California Men's Colony, 506 U.S. 194,

1

202 (1993) (holding that corporations, partnerships, or associations may not appear in federal court otherwise than through a licensed attorney).  However, even setting aside that procedural irregularity, the court finds that it lacks subject matter jurisdiction over the action under the substantiality doctrine.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and federal statute.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A district court has a duty to establish subject matter jurisdiction independent of whether the parties raise the issue or not.  See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966–67 (9th Cir. 2004).  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."  Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)).  "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'"  Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, the allegations of plaintiff's complaint, as outlined above, are plainly frivolous, implausible, and insubstantial.  Therefore, the court recommends that the case be dismissed for lack of subject matter jurisdiction under the substantiality doctrine.  Although the court ordinarily liberally grants a *pro se* litigant leave to amend her complaint to correct pleading deficiencies, the nature of the allegations here suggests that leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied without prejudice as moot.
3. The Clerk of Court be ordered to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: February 21, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE